IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

COPY
Original Received
DEC 28 2020
Clerk of the Trial Courts

| | |
|---|---|
| Terry White, | |
| Plaintiff, | |
| vs. | COMPLAINT FOR DAMAGES |
| NYLIFE Securities, LLC | |
| Defendant. | Case No. 3AN-20-09853 CI |

## COMPLAINT

COMES NOW the Plaintiff, Terry White, an individual ("Plaintiff") by and through his counsel, Peter Caltagirone, of Caltagirone Legal, LLC, and complains and alleges against the Defendant, NYLIFE Securities, LLC ("Defendant") as follows, and will respectfully demand a jury trial under Civil Rule 38(b):

## THE PARTIES

1. Plaintiff is, and at all relevant times was, a resident of Anchorage, Alaska within the Third Judicial District.

2. Defendant is, and at all relevant times was, a limited liability company registered to do business in Alaska with offices at 188 West Northern Lights Blvd., Suite 1300, Anchorage, Alaska (the "Anchorage Office").

CALTAGIRONE LEGAL, LLC
825 W 8th Avenue, Suite 200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 202-1031
pjc@caltaglegal.com

*Terry White v. NYLIFE Securities, LLC*
COMPLAINT FOR DAMAGES

Page 1 of 11

Exhibit A
Page 1 of 11

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter because the amount in controversy exceeds $100,000; the factual allegations, omissions, and misrepresentations giving rise to the claims occurred in and/or were relied upon in this jurisdiction; Plaintiff resides within this jurisdiction; Defendant conducts business and maintains its Anchorage Office within this Jurisdiction; and the claims alleged by Plaintiff arise under Alaska law as set forth below.

## FACTUAL ALLEGATIONS

4. Defendant is, and at all relevant times was, a securities and insurance brokerage firm licensed to engage in such business in Alaska, and registered with the Securities and Exchange Commission ("SEC") and Financial Industry Regulatory Authority ("FINRA").

5. Defendant, at all relevant times, was, *inter alia*, in the securities business as defined under the Alaska Securities Act, in the business of selling and/or brokering insurance policies, selling and/or brokering securities, and providing investment advice to its existing clients and the general public, and held itself out to the public accordingly.

6. In or around May 2009, Plaintiff purchased a life insurance policy (the "Policy") from Defendant.

7. Plaintiff has, at all relevant times, timely paid the premiums for the Policy and maintains same through the present day.

*Terry White v. NYLIFE Securities, LLC*
COMPLAINT FOR DAMAGES

Page 2 of 11

Exhibit A
Page 2 of 11

Case 3:21-cv-00012-TMB   Document 2-1   Filed 01/26/21   Page 2 of 11

8. When Plaintiff purchased the Policy in or around May 2009, Defendant assigned to Plaintiff its employee Henry Hodge to service Plaintiff's Policy and Plaintiff's other business with Defendant.

9. Upon Plaintiff's purchase of the Policy in or around May 2009, Plaintiff and Defendant established a fiduciary relationship, and/or other relation of trust and confidence, which continues to this day and upon which Plaintiff, at all relevant times, reasonably and justifiably relied.

10. In or before 2017, Defendant assigned its employee Ronald "Buddy" Bailey, Jr. ("Bailey"), to service Plaintiff's Policy and service Plaintiff's other business with Defendant.

11. At all relevant times, Bailey was acting on behalf of Defendant in the course and scope of his employment with Defendant and with apparent and/or actual authority to provide investment advice on Defendant's behalf.

12. Plaintiff had not met or had interaction of any kind with Bailey until Defendant assigned Bailey to service Plaintiff's Policy, an assignment Plaintiff did not request.

13. Upon information and belief, Bailey corresponded with Plaintiff via e-mail addresses and telephones provided to Bailey by Defendant.

14. In or around 2017, Bailey, communicating with Plaintiff through the e-mail address provided by Defendant, invited Plaintiff to a meeting (the "Meeting") during Defendant's normal business hours at Defendant's Anchorage Office to discuss investment opportunities, which Plaintiff attended.

*Terry White v. NYLIFE Securities, LLC*
COMPLAINT FOR DAMAGES
Page 3 of 11

Exhibit A
Page 3 of 11

Case 3:21-cv-00012-TMB   Document 2-1   Filed 01/26/21   Page 3 of 11

15. As stated in the preceding paragraphs, Defendant is, and at all relevant times was, engaged in the securities business which includes, *inter alia*, providing Defendant's customers with investment advice and investment opportunities, expertise upon which Plaintiff reasonably and justifiably relied.

16. At the Meeting, Plaintiff communicated to Bailey that he was a novice investor and did not wish to invest in a security unless Plaintiff could receive a high rate of return.

17. Bailey discussed several investment options with Plaintiff at the Meeting, including, but not limited to, purchasing an ownership interest in an Alaska limited liability company that performed seafood processing. The ownership interest turned out to be a 9.04% ownership of Golden Empire Seafoods, LLC, ("Golden Empire") in exchange for Plaintiff's principal payment of $588,000.

18. Golden Empire, at all relevant times, owned an approximate 44.25% share in another company, Golden Harvest Alaska Seafood, LLC ("Golden Harvest"), the ownership structure of which was not disclosed to Plaintiff.

19. At the Meeting and in subsequent meetings during Defendant's normal business hours, Bailey promised and/or guaranteed Plaintiff a minimum four to six percent return on his investment principal in Golden Empire and an annual dividend of at least ten percent from Golden Empire.

20. At all relevant times, neither Bailey nor Defendant provided Plaintiff a private placement memorandum about Golden Empire, Golden Harvest, or any other investment opportunity.

*Terry White v. NYLIFE Securities, LLC*
COMPLAINT FOR DAMAGES
Page 4 of 11

Exhibit A
Page 4 of 11

Case 3:21-cv-00012-TMB   Document 2-1   Filed 01/26/21   Page 4 of 11

21. Golden Empire and Golden Harvest are widely held by numerous parties and entities within and outside both the State of Alaska and the United States of America, and therefore without relevant exemption under SEC Regulation D.

22. Neither Bailey nor Defendant provided Plaintiff with financial statements for Golden Empire or Golden Harvest.

23. Plaintiff is, and at all relevant times was, a concrete worker, a novice investor, and not an "accredited investor" as the term is defined by the SEC.

24. Plaintiff reasonably and justifiably relied upon Defendant and Bailey to competently provide Plaintiff with investment advice and opportunities.

25. In reasonable and justified reliance on the promises and guarantees made by Defendant and Bailey, Plaintiff purchased an approximately 9.04% ownership interest in Golden Empire in exchange for Plaintiff's payment of $588,000 (the "Security").

26. The purchase of the Security was finalized on or around December 31, 2017.

27. The principal paid by Plaintiff for the Security was and remains a significant portion of Plaintiff's total assets.

28. At all relevant times before Plaintiff's purchase of the Security was finalized, Plaintiff was unaware that Bailey held an ownership interest in Golden Harvest, a fact fraudulently omitted by Bailey and Defendant.

29. At all relevant times before Plaintiff's purchase of the Security was finalized, Plaintiff was unaware that Bailey was promised, by the managing member and/or principals of Golden Empire, remuneration in the form of an additional ownership interest

*Terry White v. NYLIFE Securities, LLC*
COMPLAINT FOR DAMAGES

Page 5 of 11

Exhibit A
Page 5 of 11

Case 3:21-cv-00012-TMB   Document 2-1   Filed 01/26/21   Page 5 of 11

in Golden Harvest in exchange for obtaining the funds spent by Plaintiff to purchase the Security, a fact fraudulently omitted by Bailey and Defendant.

30. Defendant knew, or reasonably should have known, of the fraudulent misrepresentations and omissions set forth in the preceding paragraphs and is nonetheless vicariously liable for the actions and omissions of Bailey.

31. Defendant and Bailey were, at all relevant times, the alter ego, co-conspirator and/or agent of the other and each ratified the other's conduct in furtherance of such agency.

32. Plaintiff became aware of the omissions set forth in the preceding paragraphs months after finalizing his purchase of the Security, in approximately August 2019.

33. Upon information and belief, subsequent to the events set forth in the preceding paragraphs, Defendant terminated Bailey's employment for reasons to be revealed through discovery.

34. Upon information and belief, the Security currently has no monetary or other useful value and Golden Empire is now defunct.

## FIRST CAUSE OF ACTION

### Violation of Alaska Securities Act

### AS §45.56.100, et. seq.

35. Plaintiff incorporates, by reference, the preceding paragraphs.

36. As set forth above, Plaintiff purchased the Security, which qualifies as a "security" under the Alaska Securities Act, in exchange for Plaintiff's principal payment of $588,000.

37. Defendant sold, caused to be sold, or otherwise advised Plaintiff to purchase the Security in violation of the Alaska Securities Act by means of the promises, guarantees, untrue statements, and omission of material facts, as set forth in the preceding paragraphs, upon which Plaintiff reasonably and justifiably relied.

38. But for the promises, guarantees, untrue statements, and omission of material facts set forth in the preceding paragraphs, Plaintiff would not have purchased the Security.

39. Defendant knew or reasonably should have known the promises, guarantees, untrue statements and omission of material facts set forth in the preceding paragraphs.

40. Defendant materially aided the conduct set forth in the preceding paragraphs by, *inter alia*: hiring Bailey; assigning Bailey to service Plaintiff, an existing customer of Defendant; providing space for the Meeting at Defendant's Anchorage Office during Defendant's normal business hours and on a subject matter within Defendant's advertised securities business; and providing Bailey with the tools to communicate with Plaintiff on Defendant's behalf.

41. Defendant, as Bailey's employer and engaged in the securities business, is vicariously liable, under the Alaska Securities Act and common law, for Bailey's promises, guarantees, untrue statements, and omission of material facts set forth in the preceding paragraphs.

42. As a direct and proximate result of the breaches of the Alaska Securities Act set forth in the preceding paragraphs, Plaintiff has suffered damages in excess of $588,000, plus statutory interest, attorney's fees, and costs allowable under AS §45.56.710, according to proof at trial.

*Terry White v. NYLIFE Securities, LLC*  
COMPLAINT FOR DAMAGES

Page 7 of 11

Exhibit A  
Page 7 of 11

Case 3:21-cv-00012-TMB   Document 2-1   Filed 01/26/21   Page 7 of 11

## SECOND CAUSE OF ACTION

### Violation of Alaska Unfair Trade Practices and Consumer Protection Act

### AS §45.50.471, et. seq.

43.     Plaintiff incorporates, by reference, the preceding paragraphs.

44.     Defendant is, and at all relevant times was, engaged in trade or commerce as defined under the Alaska Unfair Trade Practices and Consumer Protection Act.

45.     Violations of the Alaska Securities Act, the factual allegations, as set forth in the preceding paragraphs, as well as the unfair and/or deceptive acts as set forth in the common law causes of action listed *infra*, are actionable under the Alaska Unfair Trade Practices and Consumer Protection Act.

46.     Plaintiff was harmed because Defendant engaged in and committed, materially aided, and/or is vicariously liable for the violations of the Alaska Securities Act and the unfair and/or deceptive acts, practices, and omissions in the factual allegations set forth in the preceding paragraphs and the common law causes of action listed *infra*.

47.     The violations of the Alaska Securities Act, the common law causes of action listed *infra*, and the unfair and/or deceptive acts, practices, and omissions set forth in this complaint occurred in Defendant's Anchorage Office by Defendant and/or it's employee, Bailey, for whom Defendant is vicariously liable.

48.     As a direct and proximate result of the foregoing, Plaintiff suffered an ascertainable monetary loss of $588,000, plus other ascertainable amounts of money to be proven at trial.

*Terry White v. NYLIFE Securities, LLC*
COMPLAINT FOR DAMAGES

Page 8 of 11

Exhibit A
Page 8 of 11

Case 3:21-cv-00012-TMB   Document 2-1   Filed 01/26/21   Page 8 of 11

49. The loss of $588,000, plus other ascertainable amounts of money to be proven at trial, was a significant portion of Plaintiff's assets.

### THIRD CAUSE OF ACTION

#### Intentional Misrepresentation

50. Plaintiff incorporates, by reference, the preceding paragraphs.

51. Defendant, through its employee Bailey, made false and/or misleading statements (the "Statements") to the Plaintiff at the Meeting and the subsequent meetings, including not limited to promising Plaintiff a guaranteed return on principal of at least four to six percent and annual dividend of at least ten percent from the Security, as set forth in the preceding paragraphs.

52. Defendant, through its employee Bailey, knew or reasonably should have known the Statements were false and/or misleading when made to Plaintiff.

53. Defendant, through its employee Bailey, not only intended for Plaintiff to rely on the Statements but also had reason to expect Plaintiff would rely on the Statements given the fiduciary relationship between Defendant and Plaintiff, Plaintiff's novice status to investing, and/or Plaintiff's stated desires for a high investment return.

54. Plaintiff reasonably and justifiably relied on the Statements, which was a substantial factor in Plaintiff's decision to purchase the Security and the resulting monetary damages Plaintiff incurred, as set forth in the preceding paragraphs.

### FOURTH CAUSE OF ACTION

#### Breach of Fiduciary Duty

55. Plaintiff incorporates, by reference, the preceding paragraphs.

*Terry White v. NYLIFE Securities, LLC*  
COMPLAINT FOR DAMAGES
Page 9 of 11

Exhibit A  
Page 9 of 11

Case 3:21-cv-00012-TMB   Document 2-1   Filed 01/26/21   Page 9 of 11

56. Plaintiff and Defendant had, at all relevant times, a fiduciary relationship and/or other relationship of trust in light of their long-standing business together, as set forth in the preceding paragraphs.

57. Defendant also had a fiduciary duty to Plaintiff given: Defendant's security business, as defined under the Alaska Securities Act, which Defendant advertised to its customers and the general public; Defendant assigned its employee, Bailey, to service Plaintiff's Policy and/or service Plaintiff's other business with Defendant; and Bailey, using e-mail provided to Bailey by Defendant, invited Plaintiff to Defendant's Anchorage Office during Defendant's normal business hours to discuss investment opportunities wherein Plaintiff was advised of the investment opportunity in Golden Empire, as set forth in the preceding paragraphs.

58. Defendant breached its fiduciary duty to Plaintiff by making the Statements, as set forth in the preceding paragraphs.

59. Defendant further breached its fiduciary duty to Plaintiff by failing to provide a private placement memorandum or financial statements for Golden Empire and Golden Harvest and failing disclose Bailey's existing ownership share of Golden Harvest, as well as failing to disclose the additional remuneration promised to Bailey in the form of an additional ownership share in Golden Harvest in exchange for Plaintiff's purchase of the Security, as set forth in the preceding paragraphs.

60. Defendant's breach of fiduciary duty to Plaintiff was a direct and proximate cause of Plaintiff's monetary damages, as set forth in the preceding paragraphs.

*Terry White v. NYLIFE Securities, LLC*
COMPLAINT FOR DAMAGES

Page 10 of 11

Exhibit A
Page 10 of 11

Case 3:21-cv-00012-TMB   Document 2-1   Filed 01/26/21   Page 10 of 11

**WHEREFORE, Plaintiff prays for judgment and the award of damages as follows:**

1. For actual monetary damages of $588,000;

2. For an award of statutory interest under the Alaska Securities Act at AS §45.56.710, specifically: annual interest of eight percent running from the date Plaintiff finalized purchase of the Security;

3. For actual damages in the form of additional monetary losses incurred by Plaintiff in an amount to be proven at trial;

4. For three times the actual monetary damages proven at trial, as allowed under the Unfair Trade Practices and Consumer Protection Act, AS §45.50.531(a);

5. For punitive damages, as this Court deems necessary and proper under AS §45.50.531(a);

6. For actual attorney's fees and costs allowable under the Alaska Securities Act, or in the alternative for an award of attorney's fees and costs allowable under the Alaska Rules of Civil Procedure; and

7. For such other relief that the Court deems proper.

DATED this 28th day of December, 2020.

CALTAGIRONE LEGAL, LLC

By: _____
Peter J. Caltagirone, Esq.
Alaska Bar No. 1605028

*Terry White v. NYLIFE Securities, LLC*
COMPLAINT FOR DAMAGES

Page 11 of 11

Exhibit A
Page 11 of 11

Case 3:21-cv-00012-TMB   Document 2-1   Filed 01/26/21   Page 11 of 11