IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY WHITE,<br><br>                            Plaintiff,<br><br>     v.<br><br>NYLIFE SECURITIES, LLC,<br><br>                            Defendant. | Case No. 3:21-cv-00012-TMB<br><br>**ORDER ON MOTION TO STRIKE**<br>**(DKT. 15)** |

## I.  INTRODUCTION

Before the Court is Plaintiff Terry White's Motion to Strike (the "Motion").[1] Defendant NYLIFE Securities, LLC opposes the Motion.[2] For the reasons stated below, the Court **DENIES** the Motion.

## II.  BACKGROUND

White's Complaint arises out of allegations that Ronald "Buddy" Bailey Jr., an employee of NYLIFE, gave fraudulent investment advice to White and that White paid $588,000 in exchange for an ownership stake in a seafood processing company that is now worthless.[3] Among claims for intentional misrepresentation, breach of fiduciary duty, and a violation of the Alaska Securities Act, White brings a claim for damages under the Alaska Unfair Trade Practices and Consumer Protection Act ("UTPA"), Alaska Statute 45.50.471, et seq.[4] At issue in this Motion is NYLIFE's

---

[1] Dkt. 15 (Motion); Dkt 17 (Reply).

[2] Dkt. 16 (Opposition).

[3] *See generally* Dkt. 7-1 (Complaint). White's factual allegations are discussed in more detail in the Order at Docket 11 and will not be repeated here.

[4] Dkt. 7-1 ¶¶ 43–49.

1

statutory affirmative defense to White's UTPA claim.[5] This defense—that the claim is barred by an exemption to the UTPA—was also the basis for NYLIFE's unsuccessful motion to dismiss.[6]

In February 2021, NYLIFE moved to dismiss White's UTPA claim, asserting the claim is barred by AS 45.50.481(a)(1). That provision exempts from the UTPA "an act or transaction regulated by a statute or regulation administered by the state, including a state regulatory board or commission, unless the statute or regulation does not prohibit the practices declared unlawful in AS 45.50.471[.]"[7] The Alaska Supreme Court has held that to qualify for this exemption, a defendant must show (1) that its conduct is subject to ongoing, careful regulation and (2) that such regulation prohibits the specific conduct that the plaintiff alleges violates the UTPA.[8] In the motion to dismiss, NYLIFE argued the exemption applies here because the alleged conduct is subject to ongoing, careful regulation and prohibited by Alaska securities law.[9] In opposition, White argued that "securities-related claims are not exempt from the UTPA because the Alaska Securities Act fails the two-prong test necessary for UTPA exemption"[10] and that "regardless, the UTPA applies to Plaintiff's other causes of action.[11]

---

[5] NYLIFE asserts the following: "**UTPA Exemption**: Plaintiff's claim under the Alaska Unfair Trade Practices Act is barred by AS 45.50.481(a)(1)." Dkt. 12 at 6 (Answer) (emphasis in original).

[6] *See generally* Dkt. 8 (Motion to Dismiss).

[7] AS 45.50.481(a)(1).

[8] *Adkins v. Collens*, 444 P.3d 187, 195–96 (Alaska 2019).

[9] Dkt. 8 at 3.

[10] *Id.*

[11] *Id.* at 7.

Applying the Alaska Supreme Court's interpretation of the UTPA, the Court denied the Motion to Dismiss.[12] The Court cautioned its ruling was "narrow" and explained, "Based on the specific facts alleged and arguments made by the Parties, the Court cannot conclude that the alleged conduct is exempt from the UTPA."[13] The Court found NYLIFE had not established either requirement underlying the exemption.[14] And the Court also reasoned it was premature to decide the issue without the benefit of discovery: "the Alaska Supreme Court cases addressing the UTPA exemption make clear that the Court should undertake a close review of the facts before applying the UTPA [exemption], which is best done with the benefit of discovery."[15] As the Court explained, "discovery will allow the Court to better understand the 'specific conduct' that gives rise to this case."[16] After the Court denied the motion, NYLIFE answered the Complaint and raised the UTPA exemption as its second affirmative defense.[17]

White now moves under Federal Rule of Civil Procedure ("Rule") 12(f) to strike the UTPA affirmative defense from NYLIFE's Answer.[18] White asserts that in the Order denying NYLIFE's motion to dismiss, the "[C]ourt determined that Alaska law would not exempt the Transaction from the UTPA in light of the alleged conduct in Plaintiff's complaint" and that "[n]either the

---

[12] *See* Dkt. 11 at 11, 24 (Order).

[13] *Id.* at 24.

[14] *Id.* at 16, 22 (internal quotations omitted) (emphasis in original).

[15] *Id.* at 23.

[16] *Id.* at 24, n.139.

[17] Dkt. 12 at 6.

[18] Dkt. 15 at 1.

3

alleged facts of this case nor Alaska law have changed in the weeks following this Court's Order."[19] Thus, according to White, the defense should be stricken.[20]

### III. LEGAL STANDARD

Rule 12(f) permits a court, by timely motion from a party, to "strike from a pleading an insufficient defense."[21] "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]"[22] Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion."[23]

### IV. DISCUSSION

White misreads the Court's Order denying NYLIFE's motion to dismiss. In that Order, the Court concluded that "*at this stage of the litigation*," it lacked a "sufficient basis" to conclude the UTPA exemption applied.[24] As NYLIFE aptly states, "the Court held that NYLIFE had not 'carried its burden' to prevail on a Motion to Dismiss. . . . The Court has not held that NYLIFE

---

[19] *Id.* at 2.

[20] *Id.*

[21] White's motion is timely. *See* Fed. R. Civ. P. 12(f)(2).

[22] *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993)), rev'd on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

[23] *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).

[24] *See* Dkt. 11 at 16, 18.

*cannot* meet its burden."[25] The Court agrees with NYLIFE that "the denial of its Motion to Dismiss does not prejudice NYLIFE from developing the record and pursuing a defense."[26] Rather, the Court was simply unwilling to "categorically bar White from bringing a claim under the UTPA" without the "benefit of discovery."[27] The Court remains without the benefit of discovery.

Consequently, the Court **DENIES** White's Rule 12(f) Motion and reiterates it lacks a sufficient basis at this stage in the litigation to hold that the UTPA exemption either does or does not bar Plaintiff's UTPA claim. The Court will not take the disfavored step of striking an affirmative defense under these circumstances.

### V. CONCLUSION

For the forgoing reasons, the Court **DENIES** the Motion at Docket 15.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 27th day of January, 2022.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[25] Dkt. 16 at 4 (citing Dkt. 11 at 21) (emphasis in original).

[26] *Id.*

[27] *Id.* at 23, 24. The Court concluded it would be premature at this stage to decide both whether the relevant conduct is subject to ongoing, careful regulation, *see* Dkt. 11 at 16, and whether the conduct would, in fact, be prohibited, *see* Dkt. 11 at 22. Thus, White's argument in reply—that, at minimum, the Court decided the conduct is not subject to ongoing, careful regulation, *see* Dkt. 17 at 3—is unavailing. *See* Dkt. 11 at 18 ("[I]t is *unclear at this stage of the litigation*, based on the record before the Court, that the conduct alleged is subject to 'ongoing, careful regulation' such that White should be unable to bring a claim under the UTPA.") (emphasis added).