IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY WHITE,<br><br>                Plaintiff,<br><br>vs.<br><br>NYLIFE SECURITIES, LLC,<br><br>                Defendant. | Case No. 3:21-cv-00012-JMK<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

At Docket 65, Plaintiff Terry White moves to file an Amended Complaint. Defendant NYLIFE Securities, LLC ("NYLIFE") did not file a response.[1]

Federal Rule of Civil Procedure 15(a) provides that, once the deadline to amend as a matter of course has passed, a party may amend its pleading "only with the opposing party's written consent or the court's leave."[2] "The court should freely give leave when justice so requires."[3] The Ninth Circuit has instructed that "[r]equests for leave should be granted with 'extreme liberality.'"[4] Specifically, district courts should grant

---

[1] The Court deems this as an admission that Plaintiff's motion is well taken. *See* D. Alaska Loc. Civ. R. 7.1(h).
[2] Fed. R. Civ. P. 15(a)(2).
[3] *Id.*
[4] *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009)).

leave to amend unless shown "strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment" (together, the "*Foman* factors").[5] Of these factors, prejudice carries the greatest weight.[6]

Plaintiff's original Complaint alleges that Defendant's agent, Ronald Bailey, Jr., solicited Plaintiff's investment in securities in which Mr. Bailey held an undisclosed financial interest.[7] Upon receipt of Defendant's internal records, Plaintiff claims to have learned that Defendant was aware Mr. Bailey was involved "in multiple outside business activities and had been the subject of multiple internal compliance investigations."[8] Plaintiff states that Defendant did not provide him notice of Mr. Bailey's "ongoing history of regulatory violations" or that Mr. Bailey "violated company policy, regulatory standards, and safeguards intended to protect the general public."[9] Plaintiff seeks to amend his Complaint to allege these newly discovered facts and add related claims against Defendant for negligent supervision and negligent retention.[10]

Plaintiff readily meets the standard for amendment under Rule 15(a). At the time of filing, Plaintiff was unable to know of Mr. Bailey's employment history or Defendant's investigation into his alleged violations. It appears that Plaintiff promptly

---

[5] *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
[6] *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).
[7] *See generally* Docket 7-1.
[8] Docket 65 at 4.
[9] *Id.*
[10] *See generally* Docket 65-1 (proposed Amended Complaint).

*White v. NYLIFE Securities, LLC*  Case No. 3:21-cv-00012
Order Granting Leave to File Amended Complaint  Page 2
Case 3:21-cv-00012-JMK   Document 77   Filed 12/12/22   Page 2 of 3

filed the present motion upon receipt of Defendant's internal records; in any event, he timely filed it pursuant to the parties' Scheduling and Planning Order.[11] Most importantly, Defendant suffers no prejudice from amendment. The newly discovered facts were known to Defendant and derive from the company's internal records. Regardless, Defendant has four months to conduct any discovery related to Plaintiff's additional claims.[12]

Lacking evidence of any *Foman* factor, the Court finds that justice requires leave to amend. Plaintiff's Motion for Leave to File Amended Complaint at Docket 65 is GRANTED. Plaintiff must file a complete, clean copy of the Amended Complaint within seven days of this Order.

IT IS SO ORDERED this 12th day of December, 2022, at Anchorage, Alaska.

/s/ *Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

---

[11] *See* Docket 68 at 7 ("Motions to amend pleadings or add parties will be filed not later than December 1, 2022").
[12] *See id.* at 4 (setting close of discovery on March 15, 2023).

*White v. NYLIFE Securities, LLC*  Case No. 3:21-cv-00012
Order Granting Leave to File Amended Complaint  Page 3
Case 3:21-cv-00012-JMK   Document 77   Filed 12/12/22   Page 3 of 3