IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY WHITE,<br><br>                      Plaintiff,<br><br>vs.<br><br>NYLIFE SECURITIES, LLC,<br><br>                      Defendant. | Case No. 3:21-cv-00012-JMK<br><br>**ORDER GRANTING IN PART<br>MOTION TO QUASH** |

Before the Court at Docket 63 is Plaintiff Terry White's Motion to Quash (the "motion"). The motion is fully briefed.[1] The Court took the motion under advisement before staying the matter on February 22, 2023, pending mediation.[2] Settlement attempts were unsuccessful, and on May 4, 2023, the parties resumed litigation.[3] The Court now addresses the motion.

Plaintiff moves the Court to quash two subpoenas issued by Defendant NYLIFE Securities, LLC ("NYLIFE"), one to Anchorage attorney Frank Nosek and the other to Mr. Nosek's entity, Nosek Law Group (collectively, the "subpoenas"). The subpoenas are identical and request the following:

---

[1] Docket 69; Docket 70.
[2] Docket 84.
[3] Docket 87.

> Please produce all Documents relating to Golden Harvest Alaska Seafood, LLC ("Golden Harvest") or Golden Empire Seafood, LLC ("Golden Empire"), including but not limited to, those related to any due diligence performed by or on behalf of Terry White before or after his decision to invest in Golden Harvest or Golden Empire and those related to the advisability, risks, or potential consequences to Terry White of an investment in Golden Harvest or Golden Empire.
>
> Please produce all Communication relating to Golden Harvest or Golden Empire, including but not limited to, those related to any due diligence performed by or on behalf of Terry White before or after his decision to invest in Golden Harvest or Golden Empire and those related to the advisability, risks, or potential consequences to Terry White of an investment in Golden Harvest or Golden Empire.[4]

Plaintiff invokes his attorney-client privilege to prevent Defendant from obtaining this information. Defendant appears to agree that the subpoena requests at least some documents and communications that normally would be covered by Plaintiff's attorney-client privilege. However, Defendant argues that Plaintiff waived this privilege in two ways: (1) implicitly, by filing this suit and putting his attorney's advice "at issue," and (2) explicitly, by sharing the advice with third parties. Defendant further asserts that the privilege does not apply to any pre-existing documents and factual materials sent by Plaintiff to Mr. Nosek or received by Mr. Nosek from third parties. The Court addresses these arguments in turn.

The attorney-client privilege is a substantive evidentiary privilege governed by Alaska state law.[5] Alaska Rule of Evidence ("ARE") 503 provides that

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of

---
[4] Docket 63-2.
[5] Fed. R. Evid. 501 ("in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision").

*White v. NYLIFE Securities, LLC*  Case No. 3:21-cv-00012
Order Granting in Part Motion to Quash   Page 2
Case 3:21-cv-00012-JMK   Document 90   Filed 06/07/23   Page 2 of 8

facilitating the rendition of professional legal services to the client, (1) between the client or the client's representative and the client's lawyer or the lawyer's representative, or (2) between the client's lawyer and the lawyer's representative, or (3) by the client or the client's lawyer to a lawyer representing another in a matter of common interest, or (4) between representatives of the client or between the client and a representative of the client, or (5) between lawyers representing the client.

The privilege "only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney."[6]

A party may explicitly or implicitly waive its attorney-client privilege. ARE 510 provides that a person expressly waives their attorney-client privilege if the person "voluntarily discloses or consents to disclosure of any significant part of the matter or communication." A party implicitly waives attorney-client privilege when it puts a confidential communication at issue and fairness dictates its disclosure.[7] The Alaska Supreme Court has adopted the three-pronged *Hearn* test to determine when an implied waiver of attorney-client privilege has occurred.[8] Under *Hearn*, implied waiver occurs if "(1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense."[9] In applying the *Hearn* test, "an overarching consideration is whether allowing the privilege

---

[6] *Upjohn Co. v. United States,* 449 U.S. 383, 395 (1981).
[7] *Gefre v. Davis Wright Tremaine, LLP*, 306 P.3d 1264, 1280 (Alaska 2013).
[8] *Id*. (citing *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975)).
[9] *Id*.

to protect against disclosure of the information would be 'manifestly unfair' to the opposing party."[10]

Defendant argues that Plaintiff put his attorney's advice "at issue" by alleging that he is a "novice investor" and that he "justifiably relied" on statements made by Defendant's agent, Buddy Bailey, when purchasing an interest in Golden Harvest.[11] Justifiable reliance is an element of Plaintiff's intentional misrepresentation claim and his claim under the Alaska Securities Act, AS 45.56.100 *et seq.* Defendant explains that if Plaintiff "clos[ed] his eyes to a known risk," any reliance on Mr. Bailey's statements likely would be unreasonable and unjustified.[12] Because of this, Defendant argues it is "entitled to know what White knew about this investment before he committed to it," and that the advice Plaintiff received from his attorney is "vital" to its defense.[13]

Defendant's argument asks the Court to stretch the doctrine of implied waiver far beyond its bounds. Even assuming that filing suit satisfies the first prong, Plaintiff did not put his attorney's communications at issue by alleging that he relied on Mr. Bailey's representations. In no way does Plaintiff's Amended Complaint rely on or incorporate Mr. Nosek's advice; his claims are entirely based on the acts and omissions of

---

[10] *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995) (quoting *Hearn*, 68 F.R.D. at 581); *see also United States v. Amlani*, 169 F.3d 1189 (9th Cir. 1999) (explaining that, under *Hearn*, privileged communications "do not become discoverable simply because they are related to issues raised in the litigation" and that "[w]hen the sought-after evidence is only one of several forms of indirect evidence about an issue, the privilege has not been waived").
[11] Docket 69 at 2.
[12] *Id*. at 6 (quoting *Atari Corp. v. Ernst. & Whinney*, 981 F.2d 1025, 1030 (9th Cir. 1992)).
[13] *Id*. at 7.

*White v. NYLIFE Securities, LLC*     Case No. 3:21-cv-00012
Order Granting in Part Motion to Quash     Page 4
Case 3:21-cv-00012-JMK   Document 90   Filed 06/07/23   Page 4 of 8

Defendant and Defendant's agent, Buddy Bailey.[14] This is distinct from *Gefre v. Davis Wright Tremaine, LLP*, the case on which Defendant relies.[15] In *Gefre*, defendants asserted a statute-of-limitations defense, to which plaintiffs raised the discovery rule. The Alaska Supreme Court found implied waiver of the attorney-client privilege because plaintiffs' confidential communications were "material" to the opposing party's defense.[16] By asserting the discovery rule, plaintiffs put their knowledge of defendants' conduct directly at issue. Given the specific facts of the case, the court explained that preventing access to the confidential communications would "frustrate proof of knowledge" required to negate plaintiffs' claims.[17] Here, Mr. Nosek's advice is far from "directly relevant and necessary" to refute Plaintiff's claims.[18] The Court strains to see how Mr. Nosek's ordinary legal advice materially impacts Plaintiff's ability to rely on Mr. Bailey's representations. There is no indication that Mr. Nosek's advice contains new factual information or seafood processing expertise that could render reliance on Mr. Bailey's representations unjustified.[19] Any such information would have been disclosed to Mr. Nosek by Plaintiff

---

[14] *See generally* Docket 78.
[15] Docket 69 at 7 (citing *Gefre v. Davis Wright Tremaine, LLP*, 306 P.3d 1264, 1279–80 (Alaska 2013)).
[16] *Gefre*, 306 P.3d at 1280.
[17] *Id*.
[18] *In re Lidoderm Antitrust Litig.*, Case No. 14-md-02521-WHO, 2016 WL 4191612, at *2–5 (N.D. Cal. Aug. 9, 2016) (explaining that, under the *Hearn* test, a showing of relevance is insufficient to establish waiver and instead requires a showing that "the information cannot be secured through other sources) (citing *In re Geothermal Res. Int'l, Inc.*, 93 F.3d 648, 653 (9th Cir. 1996) (emphasizing that the privilege is waived only when "the client tenders an issue touching directly upon the substance or content of an attorney-client communication" and not when the testimony sought would be "only one of several forms of indirect evidence" about an issue)).
[19] *See Sedco Int'l, S. A. v. Cory*, 683 F.2d 1201, 1207 (8th Cir. 1982) (finding no implied waiver where plaintiff alleged reasonable reliance in securities fraud claim because "receipt of ordinary legal advice" on commercial subjects was not material to the reasonableness of plaintiff's

*White v. NYLIFE Securities, LLC*  Case No. 3:21-cv-00012
Order Granting in Part Motion to Quash  Page 5
Case 3:21-cv-00012-JMK   Document 90   Filed 06/07/23   Page 5 of 8

or by a third party, and as discussed below, this information is not privileged and therefore discoverable. Further, the allegation that Plaintiff is a "novice" investor does not hinge on him being unrepresented or refusing legal advice; as used in the Amended Complaint, it differentiates Plaintiff from being an "accredited" investor as defined by the Securities and Exchange Commission.[20] The cornerstone of implied waiver relies on fairness: a party cannot use an attorney's communications both as a sword and a shield.[21] This is not the quintessential case in which a party raises a claim or defense that involves privileged information, while simultaneously trying to prevent access to that information. Here, fairness does not require disclosure when Mr. Nosek's advice is tangentially relevant to NYLIFE's defense and not vital to its case.

Next, Defendant argues that Plaintiff voluntarily disclosed his attorney's advice to third parties, and thus, waived any privilege related to those communications. In support, Defendant attaches an email chain containing notes from a shareholder meeting (the "minutes") in which the author reports that Plaintiff said that he invested in Golden Harvest "[e]ven though my attorney said I shouldn't get into it."[22] Plaintiff disputes the reliability of the minutes as both unauthenticated and inadmissible. However, Defendant

---

reliance); *c.f. Eolas Techs. Inc. v. Amazon.com Inc.*, Case No. 17-cv-03022-JST (JSC), 2021 WL 3883882, at *3 (N.D. Cal. July 6, 2021).
[20] Docket 78 ¶ 28.
[21] *See Gefre*, 306 P.3d at 1280; *Lewis v. State*, 565 P.2d 846, 850 n.4 (Alaska 1977) ("[Plaintiff] cannot be permitted to put his discussions with counsel in issue, then deny to the state the evidence which is probably most probative on the question.").
[22] Docket 69-3 at 23.

*White v. NYLIFE Securities, LLC*　　Case No. 3:21-cv-00012
Order Granting in Part Motion to Quash　　Page 6
Case 3:21-cv-00012-JMK　　Document 90　　Filed 06/07/23　　Page 6 of 8

also submits deposition testimony from Mr. Bailey, who testified that Plaintiff told him that his attorney advised him against the investment.[23]

Assuming the minutes and Mr. Bailey's testimony are accurate regarding Plaintiff's statements, this still does not constitute a voluntary waiver under ARE 510. Under ARE 510, a party must disclose a "significant part of the matter or communication" in order to waive his privilege. While it does not appear that the Alaska Supreme Court has elaborated on this phrase, California courts interpreting identical language have held that the disclosure must be "wide enough in scope and deep enough in substance to constitute 'a significant part of the communication.'"[24] According to Mr. Bailey's deposition, Plaintiff expressed to Mr. Bailey a general annoyance that his attorney "told him not to do it," that is, invest in Golden Harvest.[25] This is the full extent of Plaintiff's alleged disclosure: he did not elaborate why his attorney gave him that advice, the concerns the attorney had with the investment, or even whether this advice was legal in nature. The singular off-hand comment, made before litigation and as recited by Mr. Bailey, cannot serve to destroy Plaintiff's attorney-client privilege years later. The phrase "[d]o not do it" is simply too broad and vague to constitute a "significant part of the matter or communication."[26] To wit, if the Court were to find Plaintiff waived his privilege on the

---

[23] Docket 75-1 at 3.
[24] *Mitchell v. Super. Ct.*, 691 P.2d 642, 647 (Cal. 1984) (interpreting Cal. Evid. Code § 912(a)); *see also Manley v. State*, 979 P.2d 703, 707 (Nev. 1999) (adopting same standard and finding no waiver where party testified that attorney "told him not to say anything" and was upset with him).
[25] Docket 75-1 at 5.
[26] Defendant has not provided any caselaw, and the Court finds none, where waiver occurred with a similarly general statement.

*White v. NYLIFE Securities, LLC*  Case No. 3:21-cv-00012
Order Granting in Part Motion to Quash  Page 7
Case 3:21-cv-00012-JMK   Document 90   Filed 06/07/23   Page 7 of 8

basis of this statement, the phrase is too nebulous to realistically define its subject matter, and accordingly, articulate the waiver's bounds. The same holds true for Plaintiff's alleged disclosure during the shareholder meeting that Mr. Nosek "said I shouldn't get into it."[27] This statement would require "considerably more depth and specificity" to represent a significant part of Plaintiff's communications with Mr. Nosek on the matter.[28] Because Plaintiff did not waive his attorney-client privilege, the motion is **GRANTED IN PART** to the extent the subpoenas request privileged materials.

Finally, although Plaintiff does not appear to dispute this, the Court concurs with Defendant that any pre-existing documents or factual material that Plaintiff sent to Mr. Nosek or that Mr. Nosek obtained from third parties are not privileged and therefore discoverable if relevant.[29] The Court also reiterates that any advice or communications not "made for the purposes of facilitating the rendition of professional legal services to the client" are not privileged and must be produced.[30] Therefore, the motion is **DENIED IN PART** to the extent the subpoenas request non-privileged documents and communications.

**IT IS SO ORDERED** this 7th day of June, 2023, at Anchorage, Alaska.

                                                                */s/ Joshua M. Kindred*
                                                                 JOSHUA M. KINDRED
                                                             United States District Judge

---

[27] Docket 69-3 at 23.
[28] *Mitchell*, 691 P.2d at 648.
[29] *See Upjohn Co. v. United States,* 449 U.S. 383, 395–96 (1981); *Fisher v. United States*, 425 U.S. 391, 403–04 (1976); *Hickman v. Taylor*, 329 U.S. 495, 508 (1947).
[30] Alaska R. Evid. 503.

*White v. NYLIFE Securities, LLC*                                                  Case No. 3:21-cv-00012
Order Granting in Part Motion to Quash                                     Page 8
Case 3:21-cv-00012-JMK    Document 90    Filed 06/07/23    Page 8 of 8